## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02602

RED ROBIN INTERNATIONAL, INC.,

      Plaintiff,

  v.

LEHIGH VALLEY RESTAURANT
GROUP, INC., JAMES W. RYAN,
LUCINDA C. LOBACH,
and JOSEPH J. FUSCO, JR.,

      Defendants.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Red Robin International, Inc. ("Red Robin"), by its attorneys, and as and for its Complaint for Injunctive Relief and Damages against defendants Lehigh Valley Restaurant Group, Inc., James W. Ryan, Lucinda C. Lobach, and Joseph J. Fusco, Jr., states as follows:

### INTRODUCTION

1. This action arises out defendant Lehigh Valley Restaurant Group, Inc.'s ("LVRG") continued operation of its former franchised Red Robin restaurant after the expiration of its franchise agreement and its license to use the Red Robin system, name, and trademarks. The franchise agreement pursuant to which defendant operated its restaurant expired on November 26, 2015. Upon expiration of the franchise agreement LVRG was required to (i) cease operating the restaurant and de-identify it as a former Red Robin restaurant, (ii) cease any and all use of the Red Robin system, name, and trademarks, (iii) return to Red Robin all operations

manuals and other materials it used in connection with the operation of its former Red Robin restaurant, (iv) offer to sell all of its interest in the restaurant and its premises to Red Robin, and (v) comply with its post-expiration noncompetition covenant. Notwithstanding its contractual commitments, upon expiration of the franchise agreement LVRG instead has continued to conduct 'business as usual,' holding its restaurant out to the public as an authorized Red Robin restaurant and its products and services as genuine Red Robin products and services, using Red Robin's system, name, trademarks, operations manual, and other operational materials, and violating its post-expiration noncompetition covenant.

2. Red Robin brings this action to enjoin LVRG's continuing misconduct and to recover the damages it has sustained by reason of that misconduct. Specifically, Red Robin seeks preliminary and permanent injunctive relief enjoining LVRG's trademark and trade dress infringement and unfair competition, and enforcing LVRG's noncompetition covenant and other post-expiration obligations, including its obligation to offer to sell to Red Robin its interest in the restaurant and its premises. In addition, Red Robin seeks to recover the damages LVRG's misconduct has already caused, including, without limitation, actual and treble damages for its willful trademark and trade dress infringement and unfair competition, and damages caused by its breaches of the franchise agreement and by the individual defendants' breaches of their guaranty, together with an award of the costs and expenses, including attorneys' fees, incurred in connection with this action.

**PARTIES**

3. Red Robin is a Nevada corporation with its principal place of business in Greenwood Village, Colorado. Red Robin operates and grants franchises to qualified persons to

operate casual dining, full service Red Robin restaurants featuring, among other proprietary items, its famous "Red Robin" burgers.

4. LVRG is a Pennsylvania corporation with its principal place of business in Allentown, Pennsylvania. Until its franchise agreement expired on November 26, 2015, LVRG had operated a franchised Red Robin restaurant at 3716 Easton Nazareth Highway in Easton, Pennsylvania.

5. Each of the individual defendants guaranteed in writing LVRG's obligations and covenants under its Red Robin franchise agreement. James W. Ryan and Lucinda C. Lobach are citizens and residents of Pennsylvania, and Joseph J. Fusco, Jr. is a citizen and resident of Tennessee.

## JURISDICTION AND VENUE

6. The Court has original subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

7. The Court also has original subject matter jurisdiction of this civil action under 28 U.S.C. § 1332, in that this is a civil action between citizens of different States wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## RELEVANT FACTS

9. Red Robin is engaged in the business of establishing and operating casual dining, full service restaurants offering high quality, moderately priced food and alcoholic beverages in an attractive, informal setting decorated to entertain. The menu at Red Robin restaurants features appetizers, salads, sandwiches, and entrees with regional and international flavors, including the famous "Red Robin" premium burgers.

10. Red Robin also grants franchises to qualified persons to own and operate franchised Red Robin restaurants pursuant to written franchise agreements, together with a limited license to use in connection therewith Red Robin's proprietary and confidential operating methods and systems (the "Red Robin System" or "System") and Red Robin's trade and service names and marks (the "Red Robin Marks" or "Marks"), including certain of its federally-registered trade and service marks.

## The Red Robin Marks

11. To identify the source, origin, and sponsorship of Red Robin products and services and to distinguish its products and services from those offered and sold by others, Red Robin and its authorized franchisees have extensively used the Red Robin Marks in connection with the operation of authorized Red Robin restaurants.

12. The Red Robin Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registration of the Red Robin Marks continues in full force and effect.

13.     Red Robin has given notice to the public of the registration of the Red Robin Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized franchisees remain the exclusive users of the Red Robin Marks.

14.     Red Robin and its authorized franchisees have continuously used the Red Robin Marks in interstate commerce in connection with the operation of Red Robin restaurants and the promotion, offer, and sale of the products and services they offer throughout the United States, since the date of the Marks' registration.

15.     Red Robin and its authorized franchisees have extensively advertised and promoted the Red Robin Marks and the products and services offered in association with them throughout the United States and through various media. As a result of these efforts and the substantial amounts expended in connection therewith, the products and services offered at Red Robin restaurants under the Red Robin Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

16.     Red Robin has also developed a unique and distinctive design and décor for authorized Red Robin restaurants that has become uniquely associated in the mind of the consuming public with Red Robin restaurants.

17.     All authorized Red Robin restaurants are required to comply with Red Robin's design and décor specifications so that there will exist system-wide uniformity in the appearance of Red Robin restaurants, thereby strengthening the association in the public's mind between that trade dress and authorized Red Robin restaurants.

18.     Red Robin is the sole and exclusive owner of its unique and distinctive trade dress for authorized Red Robin restaurants, which trade dress is nonfunctional.

## The Parties' Franchise Agreement & Guaranty

19. Effective May 30, 1995, Red Robin, as franchisor, and LVRG, as franchisee, entered into a written franchise agreement for the establishment and operation of a franchised Red Robin restaurant at 3716 Easton Nazareth Highway in Easton, Pennsylvania. The franchise agreement was for a twenty year term commencing on November 27, 1995 and expiring on November 26, 2015.

20. Each of the individual defendants guaranteed in writing LVRG's covenants and payment and performance obligations under the franchise agreement, and each agreed to be personally bound by and personally liable for the breach of each and every provision and covenant of that agreement.

21. In the franchise agreement LVRG acknowledged that strict conformity with the entire Red Robin System was vitally important to the success not only of its own franchised Red Robin restaurant but also to the success of the entire Red Robin network of restaurants, and it agreed to comply strictly with each component of the Red Robin System, including those set forth in Red Robin's confidential operations manual.

22. LVRG agreed to only use the Red Robin Marks that Red Robin authorized and to use those Marks solely in connection with the operation and advertising of its franchised Red Robin restaurant, in the manner authorized by Red Robin.

23. LVRG also agreed that it would not, either during the franchise agreement's term or thereafter, communicate, divulge, or use any of Red Robin's confidential information, knowledge or know-how, or any other component of the Red Robin System, other than in connection with the operation of its franchised Red Robin restaurant, and it acknowledged that

any unauthorized use of such information or know-how would cause Red Robin irreparable injury.

24. In addition, and in recognition of the fact that the Red Robin System and the opportunities, associations, and experience established and acquired by it as a Red Robin franchisee are of substantial and material value, LVRG agreed that for a twelve month period following expiration of the franchise agreement it would not, among other things, own or operate a casual dining or theme restaurant within a five mile radius of its former franchised Red Robin restaurant.

25. LVRG further agreed that upon expiration of the franchise agreement it would, among other things, immediately (i) cease to operate its franchised Red Robin restaurant, (ii) not hold itself out as a present or former Red Robin franchisee, (iii) cease any and all use of any component of the Red Robin System and any of the Red Robin Marks, (iv) de-identify its former franchised Red Robin restaurant to clearly distinguish it from genuine and authorized Red Robin restaurants, (v) return to Red Robin all operations manuals and other materials provided to it by Red Robin relating to the operation of a Red Robin restaurant, and (vi) offer to sell to Red Robin all of its interest in the restaurant and its premises.

## The Franchise Agreement's Expiration

26. LVRG's franchise agreement for the operation of its former franchised Red Robin restaurant in Easton, Pennsylvania expired by its terms on November 26, 2015.

27. Notwithstanding the franchise agreement's expiration, LVRG has failed and refused to comply with its post-expiration covenants and obligations, and instead continues to operate a casual dining restaurant at the same location as its former franchised Red Robin

restaurant, to offer the same products and services it previously offered as a Red Robin restaurant, and to use the Red Robin Marks and the Red Robin System in connection therewith.

28. At all times Red Robin fully performed all of its own obligations under the franchise agreement.

## COUNT I – TRADEMARK INFRINGEMENT

29. Red Robin repeats and realleges ¶¶ 1 through 28 of its Complaint for Injunctive Relief and Damages as and for this ¶ 29, as if fully set forth herein.

30. LVRG's acts, practices, and conduct constitute an infringing use in interstate commerce of the Red Robin Marks and have caused and are likely to continue to cause consumer confusion or mistake and to deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. LVRG's misconduct has been, and continues to be, knowing and willful.

32. As a direct and proximate result of LVRG's infringement, Red Robin has suffered and, unless LVRG's infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including, without limitation, diminution in the value of the Red Robin Marks, diminution in the value of its goodwill and reputation, and incalculable lost revenues and profits.

33. Red Robin has no adequate remedy at law because the Red Robin Marks are unique and represent to the public the Red Robin identity, reputation, and goodwill, such that damages alone cannot fully compensate Red Robin for LVRG's misconduct.

34. Unless enjoined by the Court, LVRG will continue to use and to infringe the Red Robin Marks to Red Robin's irreparable injury. This threat of future injury to Red Robin's

business, identity, goodwill, and reputation requires injunctive relief to prevent LVRG's continued use of the Red Robin Marks and to ameliorate and mitigate Red Robin's injuries.

## COUNT II – TRADE DRESS INFRINGEMENT

35. Red Robin repeats and realleges ¶¶ 1 through 28 of its Complaint for Injunctive Relief and Damages as and for this ¶ 35, as if fully set forth herein.

36. LVRG's acts, practices, and conduct have infringed upon Red Robin's rights in its unique trade dress, in that they are likely to cause confusion or mistake, to deceive others as to the affiliation, connection, or association of the parties, or to misrepresent the nature, characteristic, qualities, or geographic origin of the food products being offered and sold by LVRG, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. LVRG's misconduct has been, and continues to be, knowing and willful.

38. As a direct and proximate result of LVRG's trade dress infringement, Red Robin has suffered and, unless LVRG's infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including, without limitation, diminution in the value of its trade dress, diminution in the value of and damage to its goodwill and reputation, and incalculable lost revenues and profits.

39. Red Robin has no adequate remedy at law because Red Robin's trade dress is unique and represents to the public the Red Robin identity, reputation, and goodwill, such that damages alone cannot fully compensate Red Robin for LVRG's misconduct.

40. Unless enjoined by the Court, LVRG will continue to use and to infringe the Red Robin trade dress to Red Robin's irreparable injury. This threat of future injury to Red Robin's

business, identity, goodwill, and reputation requires injunctive relief to prevent LVRG's continued use of Red Robin's trade dress, and to ameliorate and mitigate Red Robin's injuries.

## COUNT III – UNFAIR COMPETITION

41. Red Robin repeats and realleges ¶¶ 1 through 28 of its Complaint for Injunctive Relief and Damages as and for this ¶ 41, as if fully set forth herein.

42. LVRG's acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake and to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the food products being offered and sold by LVRG, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. LVRG's misconduct has been, and continues to be, knowing and willful.

44. As a direct and proximate result of LVRG's unfair competition, Red Robin has suffered and, unless LVRG's unfair competition is enjoined, will continue to suffer actual, substantial, and irreparable harm, including, without limitation, diminution in the value of the Red Robin Marks, trade dress, and System, diminution in the value of and damage to its goodwill and reputation, loss of its competitive advantage, and incalculable lost revenues and profits.

45. Red Robin has no adequate remedy at law because the Red Robin Marks, trade dress, and System are unique, were developed at great expense and effort, and represent to the public Red Robin's identity, reputation, and goodwill, such that damages alone cannot fully compensate Red Robin for LVRG's misconduct.

46. Unless enjoined by the Court, LVRG will continue to compete unfairly with Red Robin to its irreparable injury. This threat of future injury to Red Robin's business, identity, goodwill, and reputation requires injunctive relief to prevent LVRG's continued unfair competition, and to ameliorate and mitigate Red Robin's injuries.

## COUNT IV – BREACH OF CONTRACT – SPECIFIC PERFORMANCE

47. Red Robin repeats and realleges ¶¶ 1 through 28 of its Complaint for Injunctive Relief and Damages as and for this ¶ 47, as if fully set forth herein.

48. LVRG's failure and refusal to comply with its post-expiration obligations under the franchise agreement, including, without limitation, its noncompetition covenant and its obligations to de-identify its restaurant, to cease all use of the Red Robin Marks and trade dress, to cease all use of Red Robin's proprietary and confidential information, and to offer to sell to Red Robin all of its interest in the restaurant and its premises, constitute material breaches of the franchise agreement.

49. As a result of LVRG's continuing breaches, Red Robin has suffered and will continue to suffer actual, substantial, and irreparable harm, including, without limitation, loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the territory formerly serviced by LVRG's franchised Red Robin restaurant, lost profits, diminution in the value of its proprietary and confidential information, and loss of competitive advantage.

50. Further, Red Robin has been and will be irreparably harmed by LVRG's actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Red Robin for the continuing damage to Red Robin's goodwill, reputation, and proprietary and confidential information, the system instability LVRG's misconduct is causing,

and Red Robin's inability to refranchise the territory, all of which are caused by LVRG's continuing material breaches.

51. Absent injunctive relief enjoining its misconduct and ordering specific performance of its post-expiration obligations, LVRG's material breaches will continue to Red Robin's irreparable harm.

## COUNT V – BREACH OF CONTRACT – DAMAGES

52. Red Robin repeats and realleges ¶¶ 1 through 28 of its Complaint for Injunctive Relief and Damages as and for this ¶ 52, as if fully set forth herein.

53. LVRG's failure to perform its post-expiration obligations or to comply with its post-expiration covenant against competition constitutes material breaches of the franchise agreement.

54. As a direct and proximate result of LVRG's material breaches, Red Robin has sustained substantial damages in an amount to be proved at trial.

## COUNT VI – BREACH OF GUARANTY – DAMAGES

55. Red Robin repeats and realleges ¶¶ 1 through 54 of its Complaint for Injunctive Relief and Damages as and for this ¶ 55, as if fully set forth herein.

56. Each of the individual defendants personally guaranteed LVRG's covenants and obligations under the franchise agreement and agreed to be personally bound by and personally liable for the breach of each and every one of those covenants and obligations.

57. Each individual defendant's failure to perform all of LVRG's obligations and to comply with each of LVRG's covenants under the franchise agreement constitutes a material breach of his or her guaranty.

58.     As a direct and proximate result of each individual defendant's material breach of his or her guaranty, Red Robin has sustained damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Red Robin respectfully prays for the following relief against defendants, jointly and severally:

A. Preliminary and permanent injunctive relief enjoining defendants, and each of them, and their respective agents, servants, and employees, and all persons in active concert or participation with them from:

   1. Using any of the Red Robin Marks or the Red Robin trade dress, or any trademark, service mark, logo, trade name, or elements of design and décor that is confusingly similar to the Red Robin Marks and trade dress;

   2. Otherwise infringing the Red Robin Marks or trade dress;

   3. Passing off any products or services as genuine Red Robin products or services;

   4. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

   5. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Red Robin or with any of its products or services; and

   6. Unfairly competing with Red Robin, in any manner;

B. Preliminary and permanent injunctive relief directing defendants, and each of them, and their respective agents, servants, and employees, and all persons in

       active concert or participation with them, to fully perform their post-expiration obligations, including, without limitation, their obligations to offer to sell to Red Robin all of their interest in the restaurant and its premises and their noncompetition covenant;

C.   An order that defendants, and each of them, account and pay over to Red Robin all gains, profits, and advantages derived by them as a result of their infringement of the Red Robin Marks and trade dress and their unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

D.   An order that defendants, and each of them, pay to Red Robin such damages as it has sustained by reason of defendants' trademark and trade dress infringement and unfair competition, and that, because of the willful nature of such infringement, judgment in Red Robin's favor in an amount equal to three times the amount of such damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117;

E.   Damages for defendants' breach of the franchise agreement and guaranty in amounts to be proved at trial;

F.   Against all defendants, jointly and severally, an award of the costs and expenses, including reasonable attorneys' fees, incurred by Red Robin in connection with this action; and

G.   Such other and further relief as the Court deems just and proper.

Dated: November 27, 2015         **RED ROBIN INTERNATIONAL, INC.**

By: s/ Fredric A. Cohen
Fredric A. Cohen (IL #6198606)
Allison R. Grow (IL #6303430)
CHENG COHEN LLC
311 North Aberdeen Street, Suite 400
Chicago, Illinois 60607
Telephone:  (312) 243-1701
Facsimile:   (312) 277-3961
E-mail:  fredric.cohen@chengcohen.com
          allison.grow@chengcohen.com

15