**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-02602-REB

RED ROBIN INTERNATIONAL, INC.,

    Plaintiff,

v.

LEHIGH VALLEY RESTAURANT GROUP, INC.,

    Defendant.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

**Blackburn, J.**

    This matter is before me on the **Plaintiffs' Motion for Preliminary Injunction** [#13][1] filed December 18, 2015. The defendant filed a response [#19], and the plaintiff filed a reply [#21]. On February 16, 2016, I conducted a hearing on the motion. At the hearing, the parties presented testimony and other evidence. I have considered that evidence, the evidence submitted by the parties with their written submissions, and the arguments advanced and authorities cited by the parties in their written submissions and at the hearing. I deny the motion.

### I. JURISDICTION

    I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), § 1338(a) (trademark and copyright), § 1338(b) (unfair competition claim joined with

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

copyright or trademark claim), § 1367 (supplemental), and 15 U.S.C. § 1121 (trademark).

## II.  STANDARD OF REVIEW

A party seeking a preliminary injunction must show: (1) that the movant has a substantial likelihood of eventual success on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.  ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980); ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent).

When the moving party has established that the three harm factors tip decidedly in favor of the movant, the probability of success requirement is somewhat relaxed, and the movant need only show questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation. ***Nova Health Systems v. Edmondson***  460 F.3d 1295, 1298 n. 6 (10th Cir. 2006).  On the other hand, some types of temporary restraining orders or preliminary injunctions are disfavored and, therefore, require the plaintiff to satisfy a heightened burden of showing that the four primary factors

> weigh heavily and compellingly in movant's favor before such an injunction may be issued.  The heightened burden applies to preliminary injunctions that (1) disturb the status quo, (2) are mandatory as opposed to prohibitory, or (3) provide the movant substantially all the relief he may recover after a full trial on the merits.

***Kikumura v. Hurley***, 242 F.3d 950, 955 (10th Cir. 2001) (internal quotation and citation omitted).

### III. BACKGROUND

For the past twenty years, the defendant, Lehigh Valley Restaurant Group, Inc. (LVRG), has owned and operated a franchised Red Robin Gourmet Burgers and Brews restaurant near Easton, Pennsylvania (the Restaurant). On February 20, 1995, the parties executed a franchise agreement which controlled the operation of the Restaurant. The franchise was for an initial term of 20 years. On March 5, 1999, the parties executed an agreement which modified certain terms in the franchise agreement, including the renewal right of LVRG.

The 20 year term of the franchise agreement expired on November 26, 2015. According to LVRG, on March 4, 2015, it provided to Red Robin timely notice if the intent of LVRG to renew its franchise for the Easton, Pennsylvania location. LVRG says it has complied fully with all of the requirements for a valid renewal of the franchise for an additional 10 year term.

Annual gross revenues at the restaurant are about 3.5 million dollars. LVRG operates about 20 other Red Robin franchised restaurants in Pennsylvania.

Red Robin contends LVRG did not meet all of the requirements for a valid renewal of the franchise agreement. In the view of Red Robin, the franchise agreement has expired. LVRG continues to operate the Restaurant as a Red Robin restaurant. According to Red Robin, this continued use of the Red Robin name, trade dress, and systems is a violation of the termination provisions in the franchise agreement and constitutes infringement of the trademark and trade dress rights of Red Robin.

In its complaint [#1], Red Robin asserts claims for trademark infringement, trade dress infringement, unfair competition, and breach of contract. In its motion for preliminary injunction [#13], Red Robin seeks an order enjoining LVRG from infringing

the alleged trademark and trade dress rights of Red Robin, enjoining the alleged unfair competition of LVRG, and requiring LVRG to comply with its post-termination obligations under the franchise agreement. Those obligations include a duty to sell the restaurant to Red Robin at its fair market value. At the February 16, 2016, hearing, Red Robin indicated that it seeks from this court a preliminary injunction which requires LVRG to sell the restaurant to Red Robin.

## IV.  ANALYSIS

### A. Applicable Standard of Review

The preliminary injunction Red Robin seeks would disturb the status quo, is mandatory as opposed to prohibitory, and would grant to Red Robin the bulk of the relief sought in the complaint. Thus, to obtain the disfavored preliminary injunctive relief it seeks, Red Robin must meet a heightened burden of showing that the four primary factors weigh heavily and compellingly in its favor. **Kikumura v. Hurley**, 242 F.3d 950, 955 (10th Cir. 2001).

In the context of a motion for preliminary injunction, status quo means "the last peaceable uncontested status existing between the parties before the dispute developed." **O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft**, 389 F.3d 973, 981 (10th Cir. 2004). In determining the status quo, the court "looks to the reality of the existing status and relationship between the parties and not solely to the parties' legal rights." **Schrier v. University Of Colorado.**, 427 F.3d 1253, 1260 (10th Cir. 2005). In this case, the last peaceable uncontested status between Red Robin and LVRG was when LVRG was operating the Restaurant under the franchise agreement through the end of the 20 year term of that agreement, which term expired on November 26, 2015. Based on its contention that the franchise agreement was

4

renewed and still controls the operation of the Restaurant, LVRG continues to operate the restaurant. This state of affairs largely preserves the status quo, the last uncontested status between the parties. The relief sought by Red Robin would effectively end the franchise agreement, require LVRG to stop operating the Restaurant, and require LVRG to sell the Restaurant to Red Robin. Such relief would completely disrupt the status quo.

The essential quality of a mandatory preliminary injunction is a requirement that the nonmovant take particular affirmative action. *See O Centro*, 389 F.3d at 979 (concurring opinion). Often, though not always, a proposed preliminary injunction that would alter the status quo also is a mandatory preliminary injunction. *Id*. The injunction sought by Red Robin is mandatory because it would require LVRG to alter substantially the long-standing nature of its operation of the Restaurant and would require LVRG to sell the Restaurant to Red Robin even though LVRG claims it has a legitimate right to continue operating the restaurant. Such an injunction is quintessentially mandatory rather than prohibitory.

In its complaint [#1], Red Robin seeks three types of relief: (1) injunctive relief requiring LVRG to cease using any Red Robin marks, trade dress, and other intellectual property; (2) injunctive relief requiring LVRG to comply with its post-termination obligations in the franchise agreement, including requiring LVRG to offer to sell the Restaurant to Red Robin; and (3) damages. *Complaint* [#1], pp. 13 - 14. The preliminary injunction sought by Red Robin would grant the first two types of relief. Damages, the third type of relief sought, are not properly the subject of a motion for preliminary injunction. The preliminary injunction sought by Red Robin would grant Red Robin substantially all the relief it may recover after a full trial on the merits.

5

The preliminary injunction sought by Red Robin fits all three categories of disfavored injunctive relief. Thus, to obtain the preliminary injunction it seeks, Red Robin must show that the four primary factors weigh heavily and compellingly in its favor.

### B. Likelihood of Success on the Merits

Red Robin bases its motion for preliminary injunction on its claims for trademark and trade dress infringement, unfair competition, and breach of contract. Given the current state of the record, I conclude that Red Robin has not presented evidence that demonstrates a substantial likelihood of eventual success on the merits of these claims.

All of the claims of Red Robin are dependent on the contention of Red Robin that LVRG did not accomplish a valid renewal of the franchise agreement. If the renewal is valid, then all of the claims of Red Robin necessarily fail. The evidence in the record shows there are significant questions of fact and of law which must be resolved before the validity of the renewal can be determined. The existence of these significant legal and factual questions shows that Red Robin has not demonstrated a substantial likelihood that it eventually will prevail on the merits of one or more of its claims. Although far from certain, it is readily conceivable that LVRG can succeed in demonstrating that its renewal of the franchise agreement is valid. Further, I find and conclude that Red Robin has not shown that this factor weighs heavily and compellingly in favor of Red Robin.

### C. Balance of Harms

The evidence in the record shows that the threatened injury Red Robin may face if a preliminary injunction is denied is substantially outweighed by the injuries the proposed injunction likely would cause to LVRG. If the renewal of the franchise

6

agreement by LVRG is not valid, and LVRG is not entitled to continue to operate the Restaurant, then Red Robin likely would be entitled to damages for improper use of its intellectual property and breach of the franchise agreement.  Red Robin likely would be entitled to an order requiring LVRG to sell the restaurant to Red Robin under the terms of the franchise agreement, and possibly damages for delay in consummation of the sale.   Many of these potential injuries to Red Robin can be compensated in the form of damages.[2]  Potential harms which can be compensated with damages carry little weight in the preliminary injunction analysis.

Red Robin claims also that unlawful use of its trademarks and trade dress by LVRG are likely to cause consumer confusion and may sully the Red Robin name.  This is true, Red Robin claims, because the Restaurant, absent a valid franchise agreement, is not subject to the strict quality control imposed by Red Robin.  Lack of quality control at the Restaurant, Red Robin contends, may harm brand loyalty, system stability, and goodwill.

All of the evidence in the record shows that LVRG continues to operate the Restaurant at or above the standards required by Red Robin.  In fact, based on its contention that its renewal of the franchise agreement is valid, LVRG considers itself still to be subject to the terms of the franchise agreement and the control of Red Robin.  In addition, all of the evidence in the record shows it is in the interest of LVRG to continue to operate the Restaurant consistently with the Red Robin standards.  LVRG operates about 20 other Red Robin restaurants in Pennsylvania.  Thus, it is in the interest of LVRG to protect the Red Robin name and reputation.  Nothing in the record

---

[2] Injuries for which damages are adequate compensation generally are not irreparable injuries. "(E)conomic loss usually does not, in and of itself, constitute irreparable harm."  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

7

indicates that Red Robin is likely to suffer substantial irreparable harm from use by LVRG of the Red Robin trademarks and trade dress at the Restaurant. To the extent there is a risk of such harm, that risk is small and is far outweighed by the harm the proposed injunction would case to LVRG.

The injunctive relief sought by Red Robin would require LVRG to stop operating the Restaurant immediately, after 20 years of successful operation by LVRG. This would require LVRG to stop operating a well-established business with likely annual gross revenues of 3.5 million dollars and good prospects for continued success. This potential harm is substantial and immediate. In addition, Red Robin asks the court to order LVRG to sell the restaurant to Red Robin, as required by the post-termination provisions of the franchise agreement. Addressing the balance of harms factor in closing argument, Red Robin argued that requiring LVRG to sell the restaurant to Red Robin means LVRG would not be harmed by a preliminary injunction. This is so, Red Robin contends, because LVRG would receive 100 percent of the fair market value of the Restaurant from such a sale. This argument disregards the fact that LVRG wishes to continue operating its successful business and does not wish to sell the business. Forcing LVRG to sell now, particularly when it is far from clear that Red Robin properly can insist on a sale, would impose substantial harm on LVRG. These harms to LVRG far outweigh the potential harms Red Robin may suffer absent an injunction. Thus, the balance of harms factor does not weigh heavily and compellingly in favor of Red Robin.

### D.  Other Factors

Given the failure of Red Robin to show a substantial likelihood of success on the merits or to show that the threatened injury to Red Robin outweighs the damage the proposed injunction likely would cause LVRG, I need not, and, thus, decline to address

the other relevant factors in detail.  Red Robin would not be entitled to the disfavored preliminary injunctive relief it seeks even if it had shown that it will suffer imminent and irreparable injury absent an injunction and that such an injunction would not be adverse to the public interest.[3]

### VI.  CONCLUSION & ORDERS

Having considered the evidence presented, arguments advanced, and authorities cited by the parties in their filings cited at the beginning of this order, together with the evidence submitted, arguments advanced, and authorities cited during the February 17, 2016, hearing, I find and conclude that Red Robin has not demonstrated that the four primary factors weigh heavily and compellingly in its favor and that, thus, Red Robin is not entitled to the disfavored injunctive relief it seeks in this court.  ***Kikumura*** 242 F.3d at 955.

**THEREFORE, IT IS ORDERED** that the  **Plaintiffs' Motion for Preliminary Injunction** [#13] filed December 18, 2015, is denied.

Dated February 23, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3] Red Robin relies on a presumption of irreparable injury when a trademark violation is shown. Trademark "infringement alone can constitute irreparable injury and . . . the movant is not required to show that it lost sales or incurred other damage."  ***GTE Corp. v. Williams***, 731 F.2d 676, 678 (1984).  However, the presumption alone may not be sufficient to show irreparable harm.  ***Id***. (delay in seeking injunctive relief undercuts presumption of irreparable harm).  In the context of permanent injunctive relief in a patent case, the Supreme Court of the United States has cautioned that a presumption of irreparable harm should not be adopted without further examination and application of the traditional principles of equity relevant to injunctive relief, including irreparable injury.  ***eBay Inc. v. MercExchange, L.L.C.***, 547 U.S. 388, 394 (2006).